**Stern, Lavinthal & Frankenberg, LLC**
105 Eisenhower Parkway, Suite 302
Roseland, New Jersey 07068
Telephone Number (973) 797-1100
Telecopier Number (973) 228-2679
Attorneys for Secured Creditor,
**Nationstar Mortgage LLC dba Mr. Cooper**
**as servicer for The Bank of New York Mellon**
**F/K/A The Bank Of New York as Trustee**
**for First Horizon Alternative Mortgage**
**Securities Trust 2006-AA3**
By: Jeanette F. Frankenberg, Esq.
     Ashley L. Rose, Esq.

| | |
|---|---|
| In Re:<br><br>Michael Peter Scillitani<br><br><br>Debtor(s) | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE<br><br>Chapter 13<br><br>Case No. 17-27433-KCF<br><br>Hearing Date: April 11, 2018 |

## OBJECTION TO DEBTOR'S NOTICE OF REQUEST FOR LOSS MITIGATION

PLEASE TAKE NOTICE that Nationstar Mortgage LLC dba Mr. Cooper as servicer for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA3 ("Secured Creditor"), the holder of a mortgage on real property of the debtor(s), by and through its undersigned attorneys, hereby objects to Michael Peter Scillitani's ("Debtor") Request for Loss Mitigation on the following grounds:

1. Debtor (s) filed the instant bankruptcy petition on August 29, 2017.

2. On or about September 12 2017, Debtor applied for participate in the Court's Loss Mitigation Program (hereinafter "LMP").  An Order granting such participation was entered on or about September 13, 2017.

3. The Debtor has requested *numerous* extensions, each time stating that a package was uploaded and time was needed to review the same.  However, at no time has a LMP review package been uploaded nor has the DMM portal ever been opened.

4.  On or about February 2, 2018, Secured Creditor filed an Application for Early Termination of Loss Mitigation (see docket no. 39).

5.  Secured Creditor agreed to a brief adjournment of the matter with Debtor, in hopes Debtor would upload a full review package.  Instead, while the February 2, 2018 Application for Early Termination was pending, Debtor filed a subsequent Application for Extension of Loss Mitigation, which was entered by the Court on or about March 13, 2018, unbeknownst to Secured Creditor (See docket numbers 47 and 49).

6.  The February 2, 2018 Application for Early Termination had a hearing date of March 28, 2018, at which time Debtor withdrew their opposition, as no review package had been submitted.  Therefore, the Application for Early Termination was granted.

7.  Secured Creditor was forced to file an additional Application for Early Termination due to the March 13, 2018 Request for Extension filed by the Debtor.  Said matter is scheduled for a hearing on April 11, 2018 (See docket numbers 52, 53 & 54).

8.  Finally, Debtor filed the *instant* Request for Loss Mitigation, again, while the Extension Request is pending, and despite the Court having already terminating LMP based on Secured Creditor's Application.  The instant Request is administratively incorrect, as it should have been filed as a motion (See Loss Mitigation Program and Procedures Sec. V(1)(a)).  Finally, the Application is frivolous and should be denied, as it is clear the Debtor is abusing the LMP to the detriment of Secured Creditor.

9.  Throughout the course of this bankruptcy proceeding, no loss mitigation package has been received by the Secured Creditor, despite the Debtor stating so in their requests for extensions.  The Applications/ Requests for LMP have served but one purpose: to delay the proceedings and frustrate Secured Creditor.

10. Secured Creditor has been forced to file several Applications for Early Termination, Objections to Request for Loss Mitigation, and even had to file a Motion for Relief from Stay.  All the while, Secured Creditor is not being paid under the Chapter 13 Plan, nor are they receiving full post-petition payments, but rather adequate protection payments, all which benefits the Debtor.

11. Meanwhile, Secured Creditor has expended attorney's fees and costs in the filing and representation of the various Applications, Objections and Motions.

12. Wherefore, Secured Creditor respectfully requests the Request for Loss Mitigation be denied, and Secured Creditor be granted reimbursement of attorney's fees and costs associated with the defense of this matter.

I hereby certify that the foregoing statements are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

<div style="margin-left:50%">

Stern, Lavinthal & Frankenberg, LLC
Attorneys for the Secured Creditor,

 /s/ Jeanette F. Frankenberg
/s/ Ashley L. Rose
Jeanette F. Frankenberg, Esq.
Ashley L. Rose, Esq.

</div>

Dated: April 4, 2018

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stern, Lavinthal & Frankenberg, LLC
105 Eisenhower Parkway, Suite 302
Roseland, New Jersey 07068-0490
Telephone Number (973) 797-1100
Facsimile Number (973) 228-2679
Attorneys for Creditor, Nationstar Mortgage LLC dba Mr.
Cooper as servicer for The Bank of New York Mellon
F/K/A The Bank Of New York as Trustee
for First Horizon Alternative Mortgage
Securities Trust 2006-AA3
By: Jeanette F. Frankenberg, Esq.
By: Ashley L. Rose, Esq.

In Re:

Michael Peter Scillitani

| | |
|---|---|
| Case No.: | 17-27433-KCF |
| Chapter: | 13 |
| Adv. No.: | |
| Hearing Date: | April 11, 2018 |
| Judge: | Kathryn C. Ferguson |

## CERTIFICATION OF SERVICE

1.  I, _____ David Barroso _____ :

    ☐ represent _____ in this matter.

    ☒ am the secretary/paralegal for _Stern, Lavinthal & Frankenberg, LLC_, who represents

    _____ Nationstar Mortgage LLC _____ in this matter.

    ☐ am the _____ in this case and am representing myself.

2.  On _____ April 4, 2018 _____, I sent a copy of the following pleadings and/or documents
    to the parties listed in the chart below.
    Objection to Debtor's Notice of Request for Loss Mitigation.

3.  I certify under penalty of perjury that the above documents were sent using the mode of service
    indicated.

Date: _____ April 4, 2018 _____          /s/ David Barroso _____
                                             Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Michael Peter Scillitani<br>99 Station Road<br>Bayville, NJ 08721 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, NJ 08650-4853 | Debtor Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| William H. Oliver, Jr.<br>2240 State Highway 33<br>Suite 112<br>Neptune, NJ 07753 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ECF<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |