**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

 0   Valuation of Security      0   Assumption of Executory Contract or Unexpired Lease      0   Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                                                                   Case No.:        17-27433

Michael Peter Scillitani                                                                 Judge:           KCF

                    Debtor(s)                 1st modified

## Chapter 13 Plan and Motions

☐ Original            ☒ Modified/Notice Required               Date: 10/25/2018

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: /s/WHO        Initial Debtor: /s/MPS        Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ __520.00__ per __month__ to the Chapter 13 Trustee, starting on __November 1, 2018__ for approximately __49__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☒ Sale of real property
Description: 99 Station Road Bayville, NJ 08721
Proposed date for completion: 6 months after confirmation

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☐ NONE**

     a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

     b.  Adequate protection payments will be made in the amount of $ ____3,200.00_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____First Horizon Home Loans_____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| First Horizion Home Loans | 99 Station Road Bayville NJ | Unknown | 0% | arrears may be paid pending sale | see adequate protection section 2b of the chapter 13 plan |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments    ☒ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender  ☒ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ 5,861.00 to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Evelyn Morgan Atty: Charles M Byrnes | Real Estate | Judgement Lien J-247195-2014 | $26,693.39 | $532,338.00 | $11,825.00 | $699,000.00 | Total amount of the lien |
| Atlantic Credit and Finance Atty:  Morgan Bornstein & Morgan | Real Estate | Judgment Lien DJ-318107-2010 | $14,270.00 | $532,338.00 | $11,825.00 | $699,000.00 | Total amount of the lien |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c.  Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Other Administrative Claims - William H. Oliver

3) Secured Claim

4) Priority Claims; 5) General unsecured claims

**d.  Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:    Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 08/29/2017                           .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor is now selling property located at 99 Station Road Bayville, NJ 08721 | Part 1c: remove loan modification<br>part 1c: add sale of property located at 99 Station Road Bayville, NJ 08721<br>part 4a: change language to "arrears to be paid pending sale" for First Horizon Home Loans |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 10/25/2018                                                                         /s/Michael Peter Scillitani
                                                                                         Debtor

Date: _____                                                _____
                                                                                         Joint Debtor

Date: 10/25/2018                                                                         /s/ William H. Oliver, Jr.
                                                                                         Attorney for Debtor(s)

```
                        United States Bankruptcy Court
                              District of New Jersey
In re:                                                      Case No. 17-27433-KCF
Michael Peter Scillitani                                    Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin              Page 1 of 2      Date Rcvd: Oct 30, 2018
                              Form ID: pdf901          Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 01, 2018.
db            +Michael Peter Scillitani,   99 Station Road,   Bayville, NJ 08721-2120
lm             First Horizon Home Loans,   40000 Horizon Way,   Irving, TX 75063
cr            +Nationstar Mortgage LLC,   Stern, Lavinthal & Frankenberg,   105 Eisenhower Parkway,
                Suite 302,   Roseland, NJ 07068-1640
cr            +Nationstar Mortgage LLC d/b/a Mr. Cooper as servic,   Stern, Lavinthal & Frankenberg, LLC,
                105 Eisenhower Parkway,   Suite 302,   Roseland, NJ 07068-1640
517086147     +Aspire Federal Credit Union,   c/o Peter J. Liska, LLC,   766 Shrewsbury Ave.,
                Tinton Falls, NJ 07724-3001
517033793      Atlantic Credit and Finance, Inc.,   c/o Keith B. Morgan, Esq.,   Morgan, Bornstein, & Morgan,
                1236 Brace Road, Suite K,   Haddonfield, NJ 08033
517033795     +Bank of America,   c/o Zquicker & Associates, PC,   80 Minuteman Road,   Andover, MA 01810-1008
517213264     +Evelyn C. Morgan,   519 Trenton Ave., So.,   Bayville, NJ 08721-3440
517064499     +Evelyn Morgan,   c/o Charles M. Byrnes, Esq.,   44 E Water Street,   Toms River, NJ 08753-7661
517033796     +FAA Eastern Region Federal Credit Union,   c/o Peter J. Liska LLC,   766 Shrewsbury Ave,
                Eatontown, NJ 07724-3001
517033798    ++FIRST HORIZON HOME LOANS,   6363 N STATE HWY 161,   SUITE 300,   IRVING TX 75038-2231
               (address filed with court:  First Horizon Home Loans,   4000 Horizon Way,   Irving, TX 75063)
517033797     +Fia Card Services, N.A.,   1000 Samoset Drive,   DE5-023-03-03,   Newark, DE 19713-6000
517102442     +Ira J Metrick, Esquire,   57 W Main Street,   Freehold, NJ 07728-2155
517064500     +KML Law Group,   Sentry Office Plaza,   216 Haddon Avenue, Suite 406,
                Collingswood, NJ 08108-2812
517033800     +Nationstar,   8950 Cypress Waters Blvd.,   Coppell, TX 75019-4620
517064596     +Nationstar Mortgage LLC,   Jenelle C. Arnold,   4375 Jutland Dr., Ste. 200, POB 17933,
                San Diego, CA 92177-7921
517033801     +State of New Jersey,   Division of Taxation,   PO Box 245,   Trenton, NJ 08602-0245
517162056     +THE BANK OF NEW YORK MELLON,   co Nationstar Mtg. LLC d/b/a Mr. Cooper,
                Attn: Bankruptcy Dept.,   PO Box 619096,   Dallas TX 75261-9096

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Oct 30 2018 23:49:42     U.S. Attorney,   970 Broad St.,
                Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 30 2018 23:49:40     United States Trustee,
                Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                Newark, NJ 07102-5235
517033794     +E-mail/Text: bankruptcydpt@mcmcg.com Oct 30 2018 23:49:39     Bank of America,
                c/o Midland Credit Management, Inc.,   P Obox 60578,   Los Angeles, CA 90060-0578
517033799      E-mail/Text: cio.bncmail@irs.gov Oct 30 2018 23:49:09     Internal Service Revenue,
                PO Box 7346,   Philadelphia, PA 19101-7346
                                                                                              TOTAL: 4

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517033802    ##+Zucker, Goldberg & Ackerman,   200 Sheffield Ave., Ste 301,   PO Box 1024,
                Mountainside, NJ 07092-0024
                                                                                            TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 01, 2018                                Signature: /s/Joseph Speetjens

```
District/off: 0312-3            User: admin                     Page 2 of 2                  Date Rcvd: Oct 30, 2018
                                Form ID: pdf901                 Total Noticed: 22
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 25, 2018 at the address(es) listed below:

        Albert   Russo    docs@russotrustee.com
        Brian C. Nicholas    on behalf of Creditor   The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA3 bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
        Charles G. Wohlrab    on behalf of Creditor   The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA3 cwohlrab@logs.com, njbankruptcynotifications@logs.com
        Denise E. Carlon    on behalf of Creditor   The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA3 dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
        Jeanette F. Frankenberg    on behalf of Creditor   Nationstar Mortgage LLC d/b/a Mr. Cooper as servicing agent for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA3 cmecf@sternlav.com
        Jeanette F. Frankenberg    on behalf of Creditor   Nationstar Mortgage LLC cmecf@sternlav.com
        Kevin Gordon McDonald    on behalf of Creditor   The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA3 kmcdonald@blankrome.com, bkgroup@kmllawgroup.com
        Kevin M. Buttery    on behalf of Creditor   The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA3 bkyefile@rasflaw.com
        Rebecca Ann Solarz    on behalf of Creditor   The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA3 rsolarz@kmllawgroup.com
        Sindi   Mncina    on behalf of Creditor   The Bank of New York Mellon f/k/a The Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA3 smncina@rascrane.com
        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
        William H. Oliver, Jr.    on behalf of Debtor Michael Peter Scillitani bkwoliver@aol.com, R59915@notify.bestcase.com

                                                                                                        TOTAL: 12